UNITED STATES of America, Plaintiff-Appellee,

v.

Dale P. EWING, d/b/a Action Publishing Company, Defendant-Appellant.

No. 638–70.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 12, 1973.

Decided Feb. 4, 1974.

Robert D. Keefe, Government Regulations Section, Crim.Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Robert T. Bertholdo, Encino, Cal., for defendant-appellant.

Before SETH, ALDISERT * and McWILLIAMS, Circuit Judges.

PER CURIAM.

When this appeal was previously before us,[1] we affirmed the conviction of ten counts of violating 18 U.S.C. § 1461, knowing use of the mails for the delivery of obscene material. The Supreme Court has vacated the judgment and remanded to us for further consideration in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed. 2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200–Ft. Reels of Super 8mm Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2803, 37 L.Ed.2d 993 (1973); Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973); and Alexander v. Virginia, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed.2d 993 (1973).

These decisions, in our opinion, require a reexamination of the facts of this case together with the determination of what may be the standards applicable to cases of this nature. We are not unmindful of the decisions of other circuits which hold that remand is not necessary. We are not prepared to hold or assume that in all instances the national standards are more lenient than all local standards.

The Court's decisions of June 21 and 25, 1973, include cases arising under state law and under federal law. The Court did not express itself directly on the application of "community standards" to trials under the federal statute as compared to its statement as to the state laws in Miller, supra. See, however, United States v. 12 200–Ft. Reels, supra, 93 S.Ct. at 2669, and the reference therein to "these" standards. 12 200–Ft. Reels upheld an attack on the constitutionality of 19 U.S.C. § 1305(a), and the Court related the tests under that section to the examples in Miller. United States v. One Reel of Film, 481 F.2d 206 (1st Cir. 1973), considered a post-Miller forfeiture case also under 19

---

\* Of the Third Circuit, sitting by designation.

1. 445 F.2d 945 (10th Cir. 1971).

U.S.C. § 1305 as to a film seized upon entry into the country. The court there applied national standards to the seizure apparently for the very practical reasons expressed in the concurring opinion.

 A consideration of the application of national or local standards should be initially made by the trial court in addition to the determination of what such standards may be.

The judgment of conviction is vacated and the cause is remanded to the district court for a new trial.